UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY LEWIS LAMENDOLA,<br><br>Defendant. | No. 2:12-cr-451-2 KJM<br><br>ORDER |

Defendant, a prisoner proceeding pro se, requests a judicial recommendation to the Bureau of Prisons in support of defendant's release to direct home confinement for the remaining months of his sentence. Mot., ECF No. 210 at 1. Having carefully considered the request, and for the reasons below, the court DENIES defendant's request.

I. BACKGROUND

On September 16, 2015, defendant pled guilty to conspiring to distribute at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Opp'n, ECF No. 212 at 2 (citing ECF No. 140 at 1:18–21). On January 6, 2016, this court sentenced the defendant to 90 months in prison. *Id.* (citing ECF No. 179). Defendant has been incarcerated since his arrest on November 29, 2012. *Id.* (citing ECF Nos. 8, 19). According to the defendant, at the time of his filing, he was scheduled to be released from custody on December 12, 2018 and placed in a halfway house in

the Eastern District of Sacramento. Mot. at 2. Due to the closure of the halfway house,[1] defendant's release is now scheduled for March 14, 2019, to a halfway house in San Francisco. *Id.* Defendant asks the court to recommend to the Bureau of Prisons (BOP) that he be released on direct home confinement now, rather than requiring him to spend three more months in prison before he can be admitted to a halfway house. *See* Mot. at 1–2.[2]

II.          DISCUSSION

Title 18 U.S.C. § 3624 provides in pertinent part that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." In making placement decisions, the BOP is to consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. §§ 3621(b)(4)(B), 3624(c)(6). A court's recommendation has "no binding effect" on the BOP, an agency within the executive branch, to determine or change a prisoner's placement. 18 U.S.C. § 3621(b).

/////

---

[1] It is not merely one halfway house that has closed. At this point, there is no halfway house operating in the Eastern District of California, which serves 34 counties and comprises the state's entire Central Valley.

[2] Defendant filed his motion before enactment of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Some portions of the First Step Act apply retroactively. *See* First Step Act § 102 (amending 18 U.S.C. § 3624 (2012)) ("The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987."); *see also United States v. Drayton*, No. CR 10-20018-01-KHV, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019) (First Step Act § 404(a) permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372). Certain provisions also anticipate the future development of an assessment system implementing the Act. *See* 18 U.S.C.A. § 3632(a) ("Not later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system (referred to in this subchapter as the "System") . . . .")]. The court has not analyzed the implications of the First Step Act for defendant's placement here.

The BOP has outlined the criteria it uses to determine eligibility for direct home confinement. Federal Bureau of Prisons, Program Statement 7320.01 (2017) ("Home Confinement").[3] Generally, an inmate may be considered eligible for direct placement on home confinement if he or she:
1. has no public safety factors,
2. had excellent institutional adjustment,
3. has a stable residence with a supportive family,
4. has confirmed employment (if employable), and
5. has little or no need for the services of a CCC [Community Corrections Center].

*Id.* at 7. Defendant argues he meets these criteria. Mot. at 2. The government argues that defendant "presents no evidence beyond his own statements," and otherwise does not demonstrate he meets the above criteria. Opp'n at 4. Specifically, the government contends defendant has offered no evidence that he "does not need and would not benefit from the resources and support with which a halfway house is designed to provide him," nor that his "twenty-year methamphetamine addiction has been curbed." *Id.* The government also points out that defendant has not addressed whether he exhibits "no public safety factors," despite the fact the drug trafficking crime of which he was convicted involved the presence of concealed and stolen firearms. *Id.* at 4–5.

Defendant in fact has not made the requisite showing given the timing and nature of his motion, that the factors BOP considers either are flawed or weigh in favor of his eligibility for direct home confinement. On the present record, the court declines to recommend that defendant should be placed in direct home confinement. Defendant's motion is DENIED without prejudice.

DATED: February 26, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Available at https://www.bop.gov/policy/progstat/7320_001_CN-2.pdf.

3